IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:18-cv-141 Erie |
| | ) | |
| v. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| HOWARD SISSEM, et al., | ) | ORDER ON DEFENDANT'S PARTIAL |
| | ) | MOTION TO DISMISS [ECF No. 99]; |
| | ) | PLAINTIFF'S MOTION |
| | ) | FOR RELIEF [ECF No. 104] |

Presently pending before the Court is Defendant Jose Boggio's partial motion to dismiss for failure to state a claim [ECF No. 99] and Plaintiff John Butler's motion for relief [ECF No. 104]. A telephonic hearing on the motions was held on November 7, 2019. ECF No. 107.

As discussed at the hearing, Butler's complaint asserts two explicit claims against Boggio: deliberate indifference to a serious medical need in violation of the Eighth Amendment (Count One), and First Amendment retaliation (Count Two). Boggio filed an answer as to those claims. However, Boggio also noted that certain allegations in Butler's complaint hinted at the possibility that Butler might be attempting to assert a Fourteenth Amendment due process claim and/or a professional negligence claim. To the extent that this was Butler's intent, Boggio sought dismissal of those claims.

At the hearing, Butler, in response to several inquiries from the Court, explicitly disavowed any intention to pursue either a due process or a professional negligence claim. Although the Court offered Butler a thirty-day extension in which to consider whether to assert

1

those claims, Butler reiterated, several times, that he only intended to pursue deliberate indifference and retaliation claims against Boggio. Based on Butler's representation, Boggio's motion to dismiss the perceived due process and professional negligence claims will be GRANTED. Butler's deliberate indifference and retaliation claims, on the other hand, are <u>not</u> dismissed and will proceed to discovery.

Turning to Butler's motion for relief, Butler asserts that he never received copies of subpoenas served by Boggio for the purpose of obtaining various documents relative to his defense. Butler requests an order directing Boggio to supply him with those documents. At the hearing, Boggio's counsel indicated that he had recently mailed everything he received in response to the subpoenas at issue to Butler. Based on that averment, Butler's motion for relief is DENIED as moot, without prejudice. Butler may renew his motion if he does not receive those documents in due course.

IT IS SO ORDERED.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 12, 2019