IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| JOHN BUTLER, | ) 1:18-CV-00141-RAL |
| Plaintiff | ) |
| vs. | ) UNITED STATES MAGISTRATE JUDGE |
| | ) RICHARD A. LANZILLO |
| HOWARD SISSEM, et al., | ) OPINION ON DEFENDANT'S MOTION |
| | ) FOR JUDGMENT ON THE PLEADINGS |
| Defendants | ) |
| | ) ECF NO. 160 |

I.     Introduction

Plaintiff John Butler, an inmate confined at the State Correctional Institution at Albion (SCI-Albion), initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Jose Boggio, the former Medical Director at SCI Albion, and several individuals employed by the Pennsylvania Department of Corrections (DOC).[1] On February 18, 2022, the Court issued memorandum opinions granting summary judgment in favor of the DOC Defendants on all claims [ECF No. 156] and in favor of Dr. Boggio on Butler's Eighth Amendment claim for medical indifference [ECF No. 158]. The Court denied summary judgment as to Butler's claim that Dr. Boggio engaged in unlawful retaliation by refusing to place Butler in a medically appropriate prison cell because of Butler's past grievance activity. *See* ECF No. 158 at 11-12.

Shortly thereafter, Dr. Boggio filed the instant motion for judgment on the pleadings, arguing that Butler's lone remaining retaliation claim must be dismissed because he failed to

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

exhaust his administrative remedies. ECF No. 160. Butler filed a response, ECF No. 166, rendering this matter ripe for adjudication.

II.   Factual Background

The Court previously summarized the pertinent facts underlying Butler's retaliation claim as follows:

> According to Butler, he approached Dr. Boggio on February 18, 2017, and requested to be moved to a medical cell on the bottom tier of his prison unit so that he could avoid walking up and down stairs due to his heart condition. ECF No. 147 ¶ 4. Dr. Boggio allegedly replied: "If you want to be moved into a medical cell and given proper treatment, stop pissing everyone off filing grievances!" Id. Butler remained on the top tier for another two months before receiving lower tier status from a PA.

ECF No. 158 at 5. The Court also summarized Butler's grievance history:

> A review of the summary judgment record reveals that Butler filed two grievances related to his housing/cell assignment between April 20, 2017 – the date on which he received bottom bunk and bottom tier status – and the initiation of this lawsuit. In each grievance, Butler alleged that he had been improperly transferred to the RHU without notice or explanation. See Grievance Numbers 674451 and 680848, ECF Nos. 126-2 at 100-117. Neither grievance addressed Butler's assignment to a particular cell or housing tier, and neither identified any of the Defendants in this action. Id. Indeed, Butler appears to concede that he never filed a grievance concerning his medical placement in a lower tier cell, suggesting only that he was "not required to." ECF No. 144 ¶¶ 22-24.

ECF No. 156 at 9. Notably, the record does not contain any grievance that identifies Dr. Boggio in conjunction with unlawful retaliation.[2]

III.   Standard of Review

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Judgment

---

[2] In addition to attaching grievance records to his Complaint, Butler filed indisputably authentic grievance records in response to the DOC Defendants' motion for summary judgment. See ECF No. 145.

2

on the pleadings pursuant to Rule 12(c) may be granted "only if, viewing all facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012). In deciding a motion for judgment on the pleadings, the court may consider only the allegations in the complaint, attached exhibits, matters of public record, and documents which are "integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

The standard of review on a motion or judgment on the pleadings is the same that applies to a motion to dismiss pursuant to Rule 12(b)(6). *Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010). Such motions should be granted "if the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jackson v. Superintendent Greene SCI*, 671 Fed. Appx. 23, 24 (3d Cir. 2016). The court must "accept all factual allegations in the Complaint as true" and "draw all reasonable inferences in the light most favorable to the Plaintiff." *Foreman v. Lowe*, 261 Fed. Appx. 401, 403 n. 1 (3d Cir. 2008). Notably, "where a defendant moves to dismiss based on a failure-to-exhaust defense and 'the exhaustion issue turns on [ ] indisputably authentic documents related to [the inmate's] grievances,' [the court] may consider those documents 'without converting [a motion to dismiss] to a motion for summary judgment.'" *Rinaldi v. United States*, 904 F.3d 257, 261 n. 1 (3d Cir. 2018) (quoting *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004)).

IV. Analysis

Dr. Boggio contends that Butler failed to exhaust his administrative remedies as to his surviving retaliation claim. The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the

3

"PLRA"), requires a prisoner to exhaust any available administrative remedies before he may bring an action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. *Fennell v. Cambria County Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Id.* Failure to exhaust administrative remedies under the PLRA is an affirmative defense that a defendant must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process. *See* Grievance System Policy DC ADM-804; *Smith v. Sec. of Pa. Dept. of Corrections*, 2018 WL 279363, at *2 (W.D. Pa. Jan. 3, 2018). First, the inmate must "legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to 'initial review.'" *Smith*, 2018 WL 279363, at *2 (citing *Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004)). Second, the initial review must be appealed to the Facility Administrator for a second level of review. *Id.* Finally, "the inmate is required to file an appeal to the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office")." *Id.* All three stages of review must be completed before a grievance is deemed administratively exhausted for purposes of the PLRA.

As noted above, Butler filed only two grievances pertaining to his housing status during the relevant period, neither of which mentioned unlawful retaliation by Dr. Boggio. In his

response brief, Butler does not contest this point, arguing instead that Dr. Boggio's current motion must be denied because of this Court's previous finding that a triable issue of material fact existed as to certain elements of Butler's retaliation claim. Butler appears to imply that the Court cannot grant Dr. Boggio's motion for judgment on the pleadings without contradicting that previous decision. *See* ECF No. 166. This is simply inaccurate. The Court's determination that the record presented a triable issue of material fact has no bearing on the independent – and, in this case, determinative – question of whether Butler properly exhausted that claim in the first instance. Because Dr. Boggio did not seek summary judgment on exhaustion, the issue was not before the Court at that time. Nevertheless, Defendants preserved their exhaustion defense by raising it in their answer and properly presented it in the instant motion. Because Dr. Boggio has demonstrated, through the pleadings and attached documents, that Butler never presented his claim to prison officials in a properly filed grievance, his motion must be granted.

V.  Conclusion

For the reasons stated herein, Defendant's motion for judgment on the pleadings is granted. The Clerk is directed to mark this case closed.

                                                                            _____
                                                                            RICHARD A. LANZILLO
                                                                            United States Magistrate Judge

Dated: July 11, 2022